SCHWARTZ, Senior Judge
(dissenting).
I believe the Division got it exactly right in its “interpretation” of the unambiguous provisions of the condominium documents in question. As its answer brief correctly states:
The amendment at issue establishes specific percentages each unit in all seven buildings must contribute toward payment of common expenses. Even if units are identical in size, the amendment establishes varying percentages to be paid by the units. The changes to the text of the declaration made by the amendment make clear that similarly situated units were not intended to be treated equally by the amendment.

(1)Percentage of interest in the common elements for each apartment unit is shown above.

(2) Common Surplus. Each condominium apartment shall be entitled to an equal-share a share in the common surplus in the same percentage as its interest in the common elements.
(3) Common Expenses. Each condominium apartment shall bear an equal share in-the common-expenses other than rent due for-use of-the community facilities its share of the common expenses in the same percentage as its interest in the common elements.
The amendment specifically and intentionally removed any provision for assessing common expenses equally on a per unit basis and instead required that assessments be paid according to the percentages identified in the percentage of interest table for each individual unit. The percentage of interest table clearly identifies each individual unit in Appellant’s multicondominium and each unit’s proportionate share of the assessment burden. As noted by the Division in its Final Order, “it would be difficult to find a document that more clearly identifies each unit’s percentage share of the common expenses.”